NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: CHARLES BERTINI,**
*Petitioner*

---

2024-105

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. 92068213.

---

**ON PETITION**

---

Before LOURIE, PROST, and STOLL, *Circuit Judges.*

PROST, *Circuit Judge.*

## O R D E R

Charles Bertini petitions for a writ of mandamus directing the United States Patent and Trademark Office (PTO) to decide his pending petition to cancel one of Apple Inc.'s marks and award him attorney fees. Apple and the Director of the PTO oppose. Mr. Bertini replies.

In 2016, Mr. Bertini filed an opposition against Apple's application to register APPLE MUSIC for services in class 41. During those proceedings, Mr. Bertini petitioned to cancel Apple's APPLE mark for services in the same class. In both, Mr. Bertini alleged prior rights and ownership of an application for the mark APPLE JAZZ.

In April 2021, the Trademark Trial and Appeal Board dismissed the opposition proceeding. Mr. Bertini appealed that decision to this court. In April 2023, this court issued a decision reversing the Board's dismissal and subsequently denied rehearing in July 2023. On October 4, 2023, the time for Apple to file a petition for a writ of certiorari from that decision to the Supreme Court expired.

Meanwhile, the Board suspended the cancellation proceedings in February 2022 pending the appeal in the opposition proceedings, noting that "a ruling on the appeal may have a bearing on the issues before the Board in" the cancellation proceeding. Appx20. On November 13, 2023, after this petition was filed, the Board terminated the opposition proceedings with Apple's registration refused and lifted the suspension, stating that these proceedings "will be decided in due course." SAppx725.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining such relief, a petitioner must: (1) show that he has a clear and indisputable right to relief; (2) show he does not have any other adequate method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Mr. Bertini has not met that demanding standard.

While it is true that Mr. Bertini filed these cancellation proceedings years ago, we cannot say that the Board clearly abused its discretion in staying these proceedings pending resolution of the opposition proceedings, particularly given Mr. Bertini himself argued in favor of their relatedness. Nor can we say that the Board has unreasonably delayed the proceedings since that time, as the Board has lifted the stay and indicated that a decision will be issued in due course, which we expect will be issued promptly.

IN RE: BERTINI                                                    3

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 23, 2024
Date